IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PLAINS MARKETING, L.P., PLAINS ALL AMERICAN PIPELINE, L.P., PLAINS PIPELINE, L.P., AND ROCKY MOUNTAIN PIPELINE SYSTEM LLC,<br><br>    Plaintiffs;<br><br>v.<br><br>PRAIRIE PIPELINE CONTRACTORS, INC.,<br><br>    Defendant. | **ORDER GRANTING MOTION TO COMPEL ANSWERS TO INTERROGATORIES**<br><br>Case No. 2:08-CV-00537-DN<br><br>Magistrate Judge David Nuffer |

The parties have radically different theories of this case which arises out of a contract under which Defendant Prairie Pipeline Contractors, Inc. built a pipeline for Plaintiffs (collectively referred to as Plains). Plaintiff Plains claims that it contracted to pay a stated sum.[1] Defendant claims there was a cost-plus contract and that any sum stated was merely an estimate.[2] Based on these disparate theories, it is not surprising that the parties dispute the relevance of discovery, but each party is entitled to discovery on its plausible theory of the case.

At issue on this motion are Interrogatory Nos. 5, 6, 7, 9, and 10 from Plains Marketing, L.P.'s Second Set of Interrogatories and Interrogatory No. 8 from Plains Pipeline, L.P.'s Amended First Set of Interrogatories. The interrogatories are stated below as each set is discussed.

---

[1] Plaintiffs' Motion to Compel Answers to Interrogatories at 1, docket no. 43, filed August 3, 2009.

[2] Prairie Pipeline Contractors, Inc.'s Memorandum in Opposition to Plains' Motion to Compel Answers to Interrogatories (Memorandum in Opposition) at iii-iv, docket no. 46, filed August 14, 2009.

**Second Set of Interrogatories**

INTERROGATORY NO.5. Identify the dates of each Project delay and/or Prairie relocations, "move arounds," or mobilizations that you contend occurred because of Plains' alleged "failure to obtain or provide necessary permits, rights of way, and line sheet documentation, and other necessary documents in a timely fashion." Please specify the permit, right of way, line sheet, or other particular document not provided or obtained; the Actual Costs that Prairie incurred as the result of these delays or Prairie relocations, "move arounds," or mobilizations; the location of the work delayed or Prairie relocations, "move arounds,' or mobilizations; and the amount that Prairie billed to Plains for such delays or Prairie relocations, "move arounds," or mobilizations.

INTERROGATORY NO.6. Identify the dates of each Project delay or Prairie relocation, "move around," or mobilization that you contend occurred because of Plains' inability to provide timely design or engineering information. Please specify the design or engineering information not provided; the Actual Costs that Prairie incurred as a result of these delays or Prairie relocations, "move arounds," or mobilizations; the location of the work delayed or Prairie relocations, "move arounds," or mobilizations; and the amount that Prairie billed to Plains for such delays or Prairie relocations, "move arounds," or mobilizations.

INTERROGATORY NO.7. Identify the dates of each Project delay or Prairie relocation, "move around," or mobilization that you contend occurred due to Plains' alleged "disorganization," failure to "properly supervise and manage the construction" of the Project, or otherwise discharge its contractual obligations, Please specify the specific disorganization, failure to supervise or manage, or contractual breach; the location of the work delayed or Prairie relocation, "move around," or mobilization; the Actual Costs that Prairie incurred as a result of these delays or Prairie relocations, "move arounds," or mobilizations, and the amount that Prairie billed to Plains for such delays or Prairie relocations, "move arounds," or mobilizations.

INTERROGATORY NO.9. Identify each particular action or inaction that you believe Plains took or did not take to prevent Prairie from building the Project in "an assembly line fashion." Please identify the dates of any Project delay or Prairie relocation, "move around," or mobilization that you contend occurred due to such action or inaction; the Actual Costs that Prairie incurred as a result of the action or inaction; the location of any such delay or Prairie relocation, "move around," or mobilization; and the amount that Prairie billed to Plains as a result.

INTERROGATORY NO. 10. Identify any differences between the work to be performed by Prairie under the "Job Description" of the Work Order/Work Order Addendum, and the work Prairie actually performed for Plains. Please specify in your answer the specific locations for where along the pipeline route Prairie's

actual construction began and ended.[3]

The words and phrases that are in quotation marks in these interrogatories are taken from Prairie's responses to Plaintiffs' first set of interrogatories.[4] Plaintiffs' attempt was to ascertain the factual basis for "Prairie's contentions" about the problems asserted in Prairie's responses to Plaintiffs' first set of interrogatories.[5]

While Defendant Prairie contends that any expectations as to routing changes, delays, mobilizations and similar difficulties are irrelevant *under its theory* that the contract obligates Plains to pay according to a set formula for all work done, under Plains' theory in this case such information is highly relevant. What is more, the responses to these interrogatories will begin to develop a framework from which the factual record can develop.

Prairie's attempt to refer Plains to the numerous documents Prairie produced will not suffice.[6] This is not an instance in which existing documents can adequately lay the history in retrospect. The fragmentary contemporaneous work records will not suffice to summarize the work done and give context to the many documents, and identify the work to the difficulties of which Prairie complains. Because so much information will be required, an unusually long amount of time will be allowed Prairie to submit its answers to these interrogatories.

---

[3] Prairie Pipeline Contractors, Inc.'s Responses to Plains Marketing L.P.'s Second Set of Interrogatories at 7-14, attached as Exhibit 6 to Plaintiffs' Motion to Compel Answers to Interrogatories.

[4] Plaintiffs' Motion to Compel Answers to Interrogatories at 7-8.

[5] *Id.* at 8.

[6] Memorandum in Opposition at 1-2.

**Amended First Set of Interrogatories**

INTERROGATORY NO.8. Identify any and all construction projects in which Prairie, Gary LaCasse, or any of the entities identified in Responses to Interrogatory Nos. 4 and 5 have invested, participated, or profited, from January 2003, two years prior to the date that Gary LaCasse executed the MSC (December 20, 2004), to present.[7]

Prairie objects[8] that this interrogatory:

- is not reasonably calculated to lead to the discovery of admissible evidence;

- seeks confidential information without a valid or compelling purpose; and

- is unduly burdensome and . . . not sought for a proper purpose.

As Plaintiff Plains points out "[d]uring the bid process with Plains, Prairie submitted a 'partial list' of projects it had worked on going back to 1978.  If Prairie could provide a 'partial list' of projects going back almost two decades, it easily can identify all of its projects since 2003."[9]  This interrogatory is not burdensome.

Further, the interrogatory seeks relevant information.  Plains alleges: "First, Prairie made representations about its historical costs to induce Plains into entering into the contract.  It now appears that these representations were false.  Second, Prairie may have a history of fraudulent overbilling by low-bidding projects, running up the project cost, and blaming the customer for the resulting cost overruns."[10]  The information is relevant.  If the information is sensitive, it may

---

[7] Prairie Pipeline Contractors, Inc.'s Responses to Plains Marketing L.P.'s Amended First Set of Interrogatories at 6-7, attached as Exhibit 10 to Plaintiffs' Motion to Compel Answers to Interrogatories.

[8] *Id.* at 7.

[9] Plains's Reply Memorandum in Support of its Motion to Compel Answers to Interrogatories at 11, docket no. 51, filed August 21, 2009.

[10] *Id.*

qualify for protection under the Protective Order.[11]

## ORDER

Plaintiffs' Motion to Compel Answers to Interrogatories is GRANTED.  On or before November 20, 2009, Defendant shall provide complete and accurate answers to the Interrogatory Nos. 5, 6, 7, 9, and 10 from Plains Marketing, L.P.'s Second Set of Interrogatories.  On or before October 30, 2009, Defendant shall provide a complete and accurate answer to Interrogatory No. 8 from Plains Pipeline, L.P.'s Amended First Set of Interrogatories.

Signed this 16th day of October 2009.

_____
David Nuffer
United States Magistrate Judge

---

[11] Docket no. 34, filed July 16, 2009.